John **WAGSTAFF**

v.

**STATE OF MARYLAND; Milton B. Allen, Judge; Louis Coleman, Assistant State's Attorney at trial; Lester V. Jones, Defense Counsel at trial; Alan H. Murrell, Public Defender; Carolyn Palley, Assigned Assistant Public Defender; Each Defendant is Sued Individually and in His or Her Official Capacity.**

Civ. No. Y–83–2778.

United States District Court,
D. Maryland.

July 27, 1983.

MEMORANDUM AND ORDER

JOSEPH H. YOUNG, District Judge.

Plaintiff petitions this Court for leave to proceed in a 42 U.S.C. § 1983 civil rights action *in forma pauperis* without prepayment of costs. 28 U.S.C. § 1915. As plaintiff has presented sufficient evidence of indigency to satisfy 28 U.S.C. § 1915(a), the Clerk shall docket his complaint. *Boyce v. Alizaduh,* 595 F.2d 948, 950–51 (4th Cir.

1979). However, for the following reasons, the Court dispenses with the necessity of an answer and dismisses plaintiff's action as "frivolous." 28 U.S.C. § 1915(d).

■ Section 1915(d) provides:

The Court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

28 U.S.C. § 1915(d). The *Boyce* case has elaborated on the substantive content of the "frivolous" standard. While the district court has "especially broad" discretion in dismissing prisoner civil rights petitions *sua sponte* under § 1915(d), "[t]o satisfy the test of frivolousness under § 1915(d), it is accordingly essential for the district court to find 'beyond doubt' and under any 'arguable' construction, 'both in law and in fact,' of the substance of plaintiff's claim that he would not be entitled to relief." *Id.* (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)).

Even under the lenient standard promulgated in *Boyce,* plaintiff's claim fails to pass muster. On December 5, 1979, plaintiff pled guilty to armed robbery and a related handgun charge in Maryland state court. After receiving consecutive sentences of twenty years for the armed robbery charge and five years for the handgun charge, plaintiff instituted proceedings in the Maryland Circuit Court for Baltimore City pursuant to the Maryland Post Conviction Procedure Act, Md.Ann.Code art. 27, § 645A et seq. (1982 replacement volume). *Wagstaff v. State,* C.T. 27921141 (Md. Cir.Ct. for Baltimore City filed 1983). This action is currently pending in the Circuit Court.

Plaintiff is strongly dissatisfied with the performance of the public defender appointed to represent him in the state post conviction proceeding. Plaintiff's post conviction petition asserts that he did not knowingly waive his right to a trial by jury and that he did not knowingly, intelligently, and voluntarily enter his guilty plea. Plaintiff alleges that his post conviction counsel reviewed the transcript of the guilty plea colloquy and wrongfully insisted on pursuing the issue of the voluntariness of the plea to the exclusion of any other issue. Plaintiff views the jury waiver issue as his most important claim and is upset that the defender has informed him that he must pursue the jury waiver claim on his own if he wants it considered by the Circuit Court for Baltimore City. As a result, plaintiff filed the presently styled 42 U.S.C. § 1983 action seeking:

(1) A declaratory judgment that plaintiff did not adequately waive his right to a jury trial;

(2) Injunctive relief ordering the State grant plaintiff a jury trial; and

(3) Injunctive relief ordering his attorneys in the current state post conviction action to assert all colorable constitutional claims on his behalf.

■ While not making a specific request for immediate release from confinement, plaintiff's first two claims clearly seek to set aside his state court conviction. However, "a state prisoner challenging his underlying conviction and sentence on federal constitutional grounds in a federal court is limited to habeas corpus." *Preiser v. Rodriguez,* 411 U.S. 475, 489, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973). Declaratory and injunctive relief which would overturn a state judgment of conviction are not cognizable in a § 1983 action regardless of the absence of a claim for immediate release. *Hamlin v. Warren,* 664 F.2d 29 (4th Cir.1981). As plaintiff's first two claims are cognizable solely in federal habeas corpus, exhaustion of state remedies is required. 28 U.S.C. § 2254(b); *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The currently pending state post conviction proceeding indicates that exhaustion clearly has not occurred, and plaintiff's first and second claims are without merit.

Plaintiff's third claim is also groundless. It is fundamental that a § 1983 action may only be maintained against a defendant acting "under color of state law" *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Plaintiff seeks injunctive relief against the Public Defender and an Assistant Public Defender for Baltimore City, but the Supreme Court has expressly held that a public defender does not act "under color of state law" when providing representation to an indigent client. *Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981).

For the foregoing reasons, it is this 27th day of July, 1983, by the United States District Court for the District of Maryland, ORDERED:

1. That petitioner be granted leave to proceed *in forma pauperis* without prepayment of costs;

2. That the Clerk docket petitioner's complaint;

3. That the complaint BE, and the same IS, hereby SUMMARILY DISMISSED without need for an answer;

4. That judgment BE, and the same IS, hereby ENTERED in favor of defendants; and

5. That a copy of this Memorandum and Order be mailed to the plaintiff.